

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-8-2006

# In Re: Robinson

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5421

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re: Robinson " (2006). *2006 Decisions.* Paper 1617.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1617

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-5421
_____

IN RE: RUSSELL ROBINSON,
Petitioner
_____

On a Petition for Writ of Mandamus from the
District Court of the Virgin Islands
(Related to D.V.I. Crim. No. 04-cr-00005-2)
_____

Submitted Under Rule 21, Fed. R. App. Pro.
January 27, 2006
Before: CHIEF JUDGE SCIRICA, WEIS AND GARTH, CIRCUIT JUDGES
Filed: February 8, 2006
_____

PER CURIAM.

Following the Government's successful pretrial appeal in United States v.

Hendricks, 395 F.3d 173, 184 (3d Cir. 2005), a jury convicted Russell Robinson. A

hearing on post-trial motions is set for February 13, 2006. Robinson asks that we issue a

writ of mandamus directing the District Court to also hold a hearing on his claims that

retained counsel performed ineffectively at trial. See Strickland v. Washington, 466 U.S.

668, 694 (1984). We will deny the petition.

More than a dozen times since the jury's verdict, Robinson—acting *pro*

*se*— has asked the District Court to hear his Strickland claims now. In a single order

entered on December 27, 2005, the District Court denied Robinson's motions, explaining

1

that they were premature. The District Court noted that it had not yet determined whether a new trial might be warranted, and it stressed that Robinson would have ample opportunity to allege ineffectiveness after sentencing. See District Court Order of December 27, 1.

Mandamus is an appropriate remedy only in the most extraordinary of situations. Sporck v. Peil, 759 F.2d 312, 314 (3d Cir. 1985). To justify such a remedy, a petitioner must show that he has (i) no other adequate means of obtaining the desired relief and (ii) a "clear and indisputable" right to issuance of the writ. See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992) (citing Kerr v. United States Dist. Court, 426 U.S. 394, 402 (1976)). Robinson has not demonstrated a "clear and indisputable" right to mandamus relief.

As the District Court explained, Robinson's request for a Strickland hearing was premature. We have repeatedly expressed a strong preference that Strickland claims be pursued "through a collateral proceeding in which the factual basis for the claim[s] may be developed." United States v. Haywood, 155 F.3d 674, 678 (3d Cir. 1998). There exists a narrow exception to this preference, but it permits this court to review ineffectiveness claims on direct appeal only when factual development of the claims is unnecessary. See United States v. Headley, 923 F.3d 1079, 1083 (3d Cir. 1991). The District Court's reasoning for denying Robinson's motions for a pre-sentencing Strickland hearing is consistent with these precepts. Indeed, it is difficult to see how, as a practical matter, Robinson could develop any factual basis for his ineffective claims *while*

2

counsel continues to represent him in post-trial proceedings. <u>See</u> Robinson's "Informative Motion," 5-6 (detailing several claims, including that counsel was unprepared for trial). In any event, if necessary, Robinson will be able to pursue his ineffectiveness claims in due course.[1]

For the reasons given, we will deny the petition for a writ of mandamus.

---

[1] We note, too, that the District Court's refusal to schedule a post-trial hearing for a particular purpose, or entertain certain post-trial claims, would be reviewable on direct appeal. <u>See</u> <u>In re Kensington Int'l, Ltd.</u>, 353 F.3d 211, 219 (3d Cir. 2003) ("[i]f, in effect, an appeal will lie, mandamus will not").